UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PROGRESSIVE GULF INSURANCE COMPANY, ET AL.                                         PLAINTIFFS

V.                                                                            CIVIL ACTION NO. 3:14CV690 DPJ-LRA

OSCAR PERKINS, ET AL.                                                                 DEFENDANTS

ORDER

On October 14, 2015, Magistrate Judge Linda R. Anderson entered an Order [165] granting William F. Jordan's motion to withdraw as counsel of record for Defendant Matthew Turner. The Court instructed Jordan to serve a copy of the Order upon Matthew Turner by certified mail, return receipt requested, and file a certificate of service within fourteen (14) days. Judge Anderson also instructed Jordan to file a formal notice with the Court setting forth Turner's last known address and telephone number. The docket reflects that Jordan has not complied, and the time to do so has passed.

**Accordingly, the Court directs Jordan to immediately comply with Judge Anderson's Order. Jordan must file a formal notice disclosing Turner's address and phone number by Friday, December 4, 2015. Jordan must also file a certificate of service indicating that Turner has been provided a copy of the October 14, 2015 Order [165] within fourteen (14) days. In addition, Jordan is instructed provide Turner with a copy of this Order. Failure to comply may result in sanctions.**

In her Order, Judge Anderson granted Defendant Turner until November 6, 2015, to employ new counsel or notify the Court in writing that he intends to represent himself. Because it is not clear that Turner received a copy of the October 14, 2015 Order, the deadline to employ new counsel or notify the Court is extended to January 11, 2016.

Finally, on November 9, 2015, Plaintiffs filed a motion for default judgment [168] as to Defendant Turner, citing his failure to appear for two depositions (April 8, 2015 and September 17, 2015), his failure to meet the November 6, 2015 deadline to employ new counsel or announce his intention to proceed pro se, and Jordan's failure to comply with Judge Anderson's Order [165].  The motion reflects that it was sent only to Jordan, which is understandable since Jordan failed to provide notice of Turner's last known address.  Neither Turner nor Jordan has responded.

While a default judgment may ultimately be appropriate in this case, the Court finds that the present motion [168] should be denied without prejudice.  It does not appear that Turner received notice that his attorney moved to withdraw or that the Court granted that motion.  Likewise, it is not apparent that Turner received a copy of the motion for a default judgment.  Accordingly, default judgment is inappropriate at this time.

**SO ORDERED AND ADJUDGED** this the 2th day of December, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE